Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2009 AUG 25 PM 4: 26

CLERK OF COURT

BY_____

**IN THE SUPERIOR COURT
OF GUAM**

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Criminal Case No. CF495-08 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | re: Motion to Suppress |
| VERN M. E. CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter came before the Honorable Judge Michael J. Bordallo on July 22, 2009. The People were represented by Assistant Attorney General William B. Pole. Defendant was represented by Attorney Anthony R. Camacho. Having reviewed the memorandum and papers presented, the court now issues the following decision and order denying Defendant's motion.

## BACKGROUND

Defendant was indicted on October 28, 2008 on two charges of Possession of a Schedule II Controlled Substance, a 3rd Degree Felony. The charges in the indictment arise out a set of facts which the parties at the hearing indicated were stipulated. The Defendant in his Reply to the People's Opposition Memorandum attached a copy of the police report out of which these charges arose. This attachment is entitled, Guam Police Department *Violent Street Crimes Task Force*.

This report indicates that on March 6, 2007, at 2:00 p.m. F.R. Santos, a police officer assigned to the Violent Street Crimes Task Force briefed other members of the task force that they needed to pick up and question Kenny Pangelinan about an ongoing narcotics investigation. *Reply* at 1. Pursuant to the briefing, at 2:20 p.m., six officers arrived at Kenny Pangelinan's home, a wood tin structure. *Id.* at 1. The officers approached and knocked on



the front door. A male voice directed them to the side door. *Id.* As the officers approached the side door, Defendant Cruz exited the residence from the side door. *Id.* Two officers met with Defendant Cruz. *Id.* Jesse Perez then exited the residence from the same door and Officer Elliot met with him. *Id.* Because Officer Elliot sensed Perez was worried about something, he walked Perez away from the door and out of the sight of the Defendant. *Id.* Officer Elliot then searched Perez for weapons. *Id.* After searching him for weapons Officer Elliot requested that he be allowed to search Perez for drugs. *Id.* Perez consented to being searched for drugs and emptied the contents of his pockets. *Id.* In the contents of Perez's pockets Officer Elliot found a glass pipe that contained a residue, a heat sealed straw that contained a substance suspected to be methamphetamine, a small zip-loc bag containing a substance suspected to be methamphetamine and several empty cut straws. *Id.* at 2. These items were confiscated or taken from Perez by Officer Elliot at 2:30 p.m. *Id.*

After confiscating Perez's property Officer Elliot requested permission to search Perez's vehicle. *Id.* At 3:07 p.m. Perez consented to have his vehicle searched. *Id.* While searching Perez's vehicle Officer Elliot found a small re-sealable bag which contained two heat sealed straws containing a substance that was suspected to be methamphetamine. *Id.* After being shown the bag found in his vehicle, Perez exclaimed, "fucken Vern!" *Id.*

Officer Elliot then asked Perez if he would go with him to the Violent Crimes Task Force Office. *Id.* Perez agreed to be transported to the office. *Id.* At the office, Officer Elliot informed Elliot of his Constitutional rights through a form entitled GPD Custodial Interrogation Form. *Id.* Perez signed a document which waived his rights explained in the form and indicated that he agreed to talk with the officers. *Id.* After signing the document at 4:08 p.m., Perez recited that at 10:00 a.m. that day he had smoked methamphetamine in his residence in Yona. *Id.* at 3. After smoking his amount of methamphetamine Perez received

a telephone call from Defendant Cruz. *Id.* During the phone conversation, Defendant Cruz inquired whether Perez wanted to buy any methamphetamine. *Id.* Perez told Defendant Cruz he did and Perez drove to the Apusento Gardens parking lot in Chalan Pago where he purchased methamphetamine from Defendant Cruz for $275.00. *Id.*

Perez recited that he and Defendant Cruz then drove to Perez's residence in Chalan Pago where they smoked the methamphetamine together. *Id.* Pursuant to Defendant Cruz's request, Perez allowed Defendant Cruz to drive Perez's vehicle to the residence of Kenny Pangelinan. *Id.* At Pangelinan's residence, Perez, Defendant Cruz and Pangelinan smoked methamphetamine together. *Id.* Perez recited that a few minutes after they smoked their methamphetamine, the police arrived. *Id.* He also indicated that the methamphetamine found in his vehicle was not his but that it was Defendant Cruz's. *Id.*

## DISCUSSION

Defendant requests that the evidence obtained during the warrantless search of Kenny Pangelinan's home be suppressed.[1] *Mem.* at 1. He supports this request by asserting that the only reason the occupants of Kenny Pangelinan's residence came out was because the GPC officer's announced their presence. *Reply* at 1. The Government in opposition argues that the information the officers received was obtained after consent was given. *Opp.* at 2. Defendant's assertions are not verified or supported by affidavit.

In Guam criminal motions are regulated by Section 1.27 of Title 8 of the Rules of Criminal Procedure. 8 Guam Code Ann. § 1.27 (2008). It provides,

> An application to the court for an order shall be by motion. A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. It shall state the grounds upon which it is made and shall set forth

---

[1] It is important to note that no facts indicate that the physical area of Kenny Pangelinan's home was never breached or searched.

the relief or order sought. It may be supported by affidavit. *Id.*

In the federal circuits, motions to suppress are reviewed under the following standard: "[A] defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information 'to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *U.S. v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006)(internal citations omitted); see *U.S. v. Sandoval*, 390 F.3d 1294, 1300 (10th Cir. 2004)(a motion to suppress "must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact ... are an issue); see also *U.S. v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993)(a hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue). Applying this standard to a warrantless search of a defendant's apartment, the Eleventh Circuit Court held that despite stating that a search of defendant's residence was done without a warrant or valid wavier, the defendant's motion was insufficient. *U.S. v. Richardson*, 764 F.2d 1514, 1528 (11th Cir. 1985). The court explained that, "the motion stated little about the particulars of this search, mentioning only that the search was warrantless and without probable cause . . . . [n]either did it describe the scope of the search carried out by the agents or the circumstances of the 'consent' alluded to in the motion." *Id.* It held that, "[g]iven the nearly complete lack of factual allegations in the motion and supporting materials filed by Reinaldo Crespo-Diaz, the trial court did not abuse its discretion in denying the motion and refusing to hold an evidentiary hearing." *Id.*

In this case Defendant's argument that Guam's distinct and unique island culture legitimately vests a resident's invited occupant with a unique expectation of privacy

resonates with the court. However, the stipulated facts in this case do not allow the court, as a matter of law, to make such a finding. Excepting officer Perez's unjustifiable search of Perez for weapons, a plain reading of the facts indicate that all of the information and evidence which was obtained by the officers in this case was done so after consent was given.[2]

Under the standard above, Defendant fails to meet the minimal burden of sufficiency required in a motion to suppress. *Richardson*, at 1528. Defendant does not assert or point to any stipulated facts which would allow this court to analyze a finding of Constitutional or Organic impropriety. There are no facts which indicate where in relation to the home Officer Elliot spoke with Perez. Nor are there any facts which would support a finding that the six officers were ever unauthorizedly within the constitutionally privacy expected bounds of Pangelinan's home. His argument that, Pangelinan, Perez and himself, "only came out of the home after the GPD Officers made their presence at the residence known," is not supported. *Reply*. Ex. at 1. The Defendant's motion is devoid of any supportable facts describing the conduct or statements of the officers or subjective conditions of the Defendant or the other occupants during the time-period the officers were at the residence. Defendant's assertion that he is a friend of Pangelinan is neither stipulated or corroborated.

Finally, Defendant does not point to any facts which would support his argument that Guam's privacy expectations are, or were, at the time of the adoption of the Organic Act, unique or significantly different from the other jurisdictions. Absent some plain assertion of

---

[2] The stipulated facts recite no facts which indicate the weapons search of Perez was justified. It contains no any articulable facts of reasonable suspicion of a crime or concern for officer safety. Despite the stipulation of the Parties the court finds that Perez was unlawfully required to submit to a search of his person for weapons and drugs. The court finds that Perez's consent to having his person searched for drugs was not freely given. Defendant is unable to connect this personal illegality to his personal expectation of privacy.

verified facts upon which this court could analyze a finding of inorganic police conduct, the court is unable to grant Defendant's motion.

## CONCLUSION

For the reasons above Defendant's motion to suppress is denied.

SO ORDERED this 25 day of August 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam Dated at Hagatna, Guam

Therese M. Blas
Deputy Clerk, Superior Court of Guam